IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SORHIB OMONOV,
    Petitioner,

v.

THOMAS DECKER, et al.,
    Respondents

CIVIL NO. 12-CV-1704

(JUDGE NEALON)
(MAGISTRATE JUDGE MANNION)

## MEMORANDUM

On August 27, 2012, Petitioner, Sorhib Omonov, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by the United States Immigration and Custody Enforcement ("ICE") for more than six (6) months and seeking immediate release from confinement. (Doc. 1), citing Zadvydas v. Davis, 533 U.S. 678 (2001) (establishing a six-month presumptively reasonable period permitted to effectuate an alien's deportation following a final order of removal). On October 9, 2012, Respondents filed a suggestion of mootness stating that Petitioner was released from ICE custody on September 27, 2012. (Doc. 5). Respondents argue that the habeas petition is therefore moot. (Id.), citing DeFoy v. McCullough, 393 F.3d 439, 441 (3d Cir. 2005) ("[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition."). On October 11, 2012, Magistrate Judge Malachy E. Mannion filed a Report and Recommendation ("R&R") concluding that the petition should be dismissed as moot. (Doc. 6). No objections have been filed and, for the reasons set forth below, the R&R will be adopted.

## Standard of Review

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report under de novo or any other standard.

Thomas v. Arn, 474 U.S. 140, 152 (1985); 28 U.S.C. § 636(b)(1)(C). Nevertheless, the Third Circuit Court of Appeals has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied, 484 U.S. 837 (1987); Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. L. R. 72.3.

**Discussion**

Magistrate Judge Mannion explains that a petitioner challenging his custody through a petition for writ of habeas corpus must continue to suffer the consequences of his custody to avoid the case becoming moot and the court being divested of jurisdiction. (Doc. 6, p. 2) (citing Spencer v. Kemna, 523 U.S. 1, 7 (1998)). Further, a petitioner claiming that his continued ICE detention pending removal is unlawful, suffers no collateral consequences if he is released. (Doc. 6, p. 3) (citing Sanchez v. Attorney General, United States, 146 Fed. Appx. 547, 549 (3d Cir. 2005)). The petitioner's release "renders the petition moot because he has received all the relief he sought and would have been entitled to." Id. The Magistrate Judge finds that Petitioner, here, has been released from custody and, accordingly, recommends that the habeas petition be dismissed as moot.

In the absence of objections, this Court has reviewed the R&R for plain error and finds none. This Court agrees with Magistrate Judge Mannion's findings and conclusions and will adopt the R&R in its entirety. Therefore, the habeas petition will be dismissed as moot.

A separate Order will be issued.

**Date:** February 1, 2013

**United States District Judge**